UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ESTEBAN CARPIO,
  Petitioner,

v.                                          C.A. No. 17-199-JJM-LDA

ASHBEL T. WALL,
  Respondent.

## MEMORANDUM AND ORDER

Esteban Carpio filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Mr. Carpio asserts three grounds for his petition: (1) the state court's jury instructions deprived him of due process; (2) he proved, by a preponderance of the evidence, that he was not responsible for his actions; and (3) he was deprived of his Sixth Amendment right to effective trial counsel. The State of Rhode Island has moved to dismiss the petition (ECF No. 6), and Mr. Carpio has objected (ECF No. 10). For the reasons set forth below, the Court grants the State's motion, and the petition is dismissed.

*Background*

Mr. Carpio is a state court prisoner serving sentences imposed for first-degree murder of a police officer; discharging a firearm while committing a crime of violence; and felony assault with a dangerous weapon. The judgments of conviction were affirmed by the Rhode Island Supreme Court. *See State v. Carpio*, 43 A.3d 1 (R.I. 2012). Mr. Carpio sought, and was denied, post-conviction relief in state court. *See* Decision, *Carpio v. State*, No. PM-2012-3716 (R.I. Super. Ct. Feb. 2, 2016)

1

[hereinafter "Decision"], *cert. denied*, No. SU-16-0086 (R.I. Mar. 6, 2017).[1] Mr. Carpio filed this petition within the one-year durational limit prescribed by 28 U.S.C. § 2244(d).

*Standard of Review*

This Court is aware of the limited review available to Mr. Carpio. Both United States Supreme Court precedent, *see, e.g., Cavazos v. Smith*, 565 U.S. 1 (2011), and the congressional mandate contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, restrict federal court review of state court convictions and sentences. AEDPA, as codified in § 2254(d)'s limited review, "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Where a state court adjudicates a claim on the merits, a federal court may grant habeas relief only if the state court's "adjudication of the claim" was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). A state court's factual determinations are presumed to be correct,

---

[1] A copy of the Rhode Island Superior Court ruling denying Mr. Carpio's petition for post-conviction relief appears in the record before this Court at ECF No. 6-1.

with the petitioner bearing "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*Jury Instructions*

Mr. Carpio first argues that the Rhode Island Superior Court denied him due process of law by imposing an additional requirement on the availability of an insanity defense. Specifically, Mr. Carpio claims that the state court erred by instructing the jury "that the result satisfy the community's sense of justice, in the discretion of the jury, on a case-specific basis." ECF No. 1 at 5.

At the close of evidence in Mr. Carpio's trial, the state court instructed the jury on the Rhode Island insanity defense:

> [A] person is not responsible for criminal conduct if at the time of such conduct, as a result of mental disease or defect, his capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law [was] so substantially impaired that he cannot justly be held responsible.

*Carpio*, 43 A.3d at 7 (second alteration in original). The trial justice "also impressed upon the jury that the question of whether defendant is criminally responsible is a question for the fact finder—the jury—to determine in light of community standards of blameworthiness." *Id.* The jury rejected Mr. Carpio's insanity defense.

On appeal, Mr. Carpio argued that, by asking the jurors to consider the "community's sense of justice," the trial court had imposed a "second tier" to his burden of proof.[2] *Id.* at 9–10. The Rhode Island Supreme Court rejected this argument. That court held that, because "the degree of 'substantial' impairment

---

[2] Under Rhode Island state law, a defendant must prove an insanity defense to murder by a preponderance of the evidence. *Carpio*, 43 A.3d at 9.

3

required [for the insanity defense] is essentially a legal rather than a medical question . . . the precise degree demanded is necessarily governed by the community sense of justice as represented by the trier of fact." *Id.* at 11 (quoting *State v. Johnson*, 399 A.2d 469, 477 (R.I. 1979)). The Rhode Island Supreme Court concluded:

> [T]he trial justice's inclusion of language such as "community sense of justice" and "blameworthiness" in the jury instructions did not graft an additional element onto defendant's burden of proof; the language merely elucidated the role of the jury in passing on the merits of the defense. Simply put, "community standards of blameworthiness" constitute the backdrop against which the defendant's degree of impairment is measured—it reflects the essential role of the fact finder in an insanity defense case.

*Id.* at 12.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). In the context of jury instructions, "that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Id.* at 71–72. Instead, "[t]he only question for [the Court] is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). This Court must not review a jury instruction in "artificial isolation," but must instead consider it "in the context of the instructions as a whole and the trial record." *Id.* (quoting *Cupp*, 414 U.S. at 147); *accord United States v. Stefanik*, 674 F.3d 71, 77 (1st Cir. 2012).

Importantly, "no particular formulation" of the insanity test "has evolved into a baseline for due process, and . . . the insanity rule, like the conceptualization of

4

criminal offenses, is substantially open to state choice." *Clark v. Arizona*, 548 U.S. 735, 752 (2006); *see id.* at 753 ("There being such fodder for reasonable debate about what the cognate legal and medical tests should be, due process imposes no single canonical formulation of legal insanity."). Indeed, "while the Due Process Clause affords an incompetent defendant the right not to be tried, [the Supreme Court has] not said that the Constitution requires the States to recognize the insanity defense." *Medina v. California*, 505 U.S. 437, 449 (1992) (citations omitted).

Mr. Carpio has not shown that the jury instruction at issue here has denied him due process under the Constitution. When understood in the context of the full jury charge, the trial court's reference to the community's sense of justice was appropriate and in accordance with Rhode Island law, as determined by the Rhode Island Supreme Court. Federal law gives Rhode Island substantial leeway in formulating instructions concerning its insanity defense. As a result, Mr. Carpio has not shown that the state court's adjudication of this claim was "contrary to, or involved an unreasonable application of, clearly established Federal law," nor has he proven that the decision was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

### *Sufficiency of the Evidence*

Mr. Carpio's next argument is that he proved, by a preponderance of the evidence, that he was suffering from mental illness at the time of his crimes, and thus, that he was not criminally responsible for his actions.

This Court's habeas power is limited to cases where a petitioner alleges he is held "in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). In any event, a federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729–30; *see Wainwright v. Sykes*, 433 U.S. 72, 81, 87 (1977).

Even assuming that Mr. Carpio's argument here raises a federal claim, this Court is barred from considering it. Mr. Carpio attempted to raise this argument before the Rhode Island Supreme Court on direct appeal of his conviction. *See Carpio*, 43 A.3d at 8. The Rhode Island Supreme Court, however, declined to review Mr. Carpio's sufficiency argument, citing its "deep-rooted practice that 'a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court.'" *Id.* (quoting *State v. Bido*, 941 A.2d 822, 829 (R.I. 2008)). By electing not to move for a judgment of acquittal and new trial, Mr. Carpio failed to preserve his sufficiency argument. *Id.* at 8–9.

This Court may review defaulted claims only if Mr. Carpio can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Mr. Carpio can satisfy none of these tests. The "cause" prong is only satisfied by "something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753.

6

Mr. Carpio's counsel chose to default this issue because the only method of preserving it would have involved presenting an unmeritorious motion to the state court. Decision at 7–8. This clearly does not qualify as "cause." *Cf. Coleman*, 501 U.S. at 753 (noting that even "[a]ttorney ignorance or inadverance is not 'cause'" and that a habeas petitioner bears the risk of his attorney's errors). And, as the Rhode Island Superior Court discussed in denying Mr. Carpio post-conviction relief, Mr. Carpio was not prejudiced by not preserving this issue for appeal. Decision at 17. Finally, there is no fundamental miscarriage of justice in this case. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

As the Rhode Island Supreme Court declined to address Mr. Carpio's sufficiency argument because he failed to preserve the issue for appeal under state law, this Court is barred from considering this ground of Mr. Carpio's petition.

*Ineffective Assistance of Counsel*

Mr. Carpio's final argument is that he was deprived of his Sixth Amendment right to the effective assistance of counsel. Mr. Carpio contends his trial counsel was constitutionally deficient because, by failing to move for a judgment of acquittal and/or for a new trial, Mr. Carpio could not challenge on appeal the jury's finding that he was not insane at the time he committed his crimes.

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a defendant was deprived of constitutionally adequate

7

counsel. 466 U.S. 668, 687 (1984). First, a defendant must show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show he was prejudiced as a result of the deficient performance. *Id.* Satisfying this test is a "very heavy burden." *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (quoting *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993)).

However, it is not for this Court to decide whether Mr. Carpio meets the *Strickland* standard. *See Harrington*, 562 U.S. at 101. In deciding Mr. Carpio's habeas petition, this Court instead decides "whether the state court's application of the *Strickland* standard was unreasonable." *Id.; see also Williams v. Taylor*, 529 U.S. 362, 417 (2000) (Rehnquist, C.J., concurring in part and dissenting in part) ("Generally, in an ineffective-assistance-of-counsel case where the state court applies *Strickland*, federal habeas courts can proceed directly to 'unreasonable application' review."). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410. Instead, "some increment of incorrectness beyond error is required." *McCambridge v. Hall*, 303 F.3d 24, 36 (1st Cir. 2002) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

In the state court post-conviction proceedings, Mr. Carpio's trial counsel was questioned on his failure to move for a judgment of acquittal and/or for a new trial. Counsel testified that he decided not seek such relief because those motions were "not meritorious." Decision at 7. Counsel also testified that he was unaware that

8

failing to so move would waive any sufficiency argument on appeal. *Id.* at 6–7. While acknowledging this misunderstanding may have been a "miscue," the Rhode Island Superior Court concluded that Mr. Carpio was not prejudiced—because such motions would have been meritless, and denied anyway, the failure to make them was harmless. *Id.* at 10, 17.

In analyzing whether the motions were indeed meritless—and thus, whether Mr. Carpio was not prejudiced—the Rhode Island Superior Court recounted the trial testimony surrounding Mr. Carpio's insanity defense. Specifically, the court discussed the "forceful testimony" of the State's mental health experts, which conveyed to the jurors that Mr. Carpio's "carefully orchestrated actions" following his crimes "did not demonstrate mentally unstable conduct." *Id.* at 12–15. Indeed, following the presentation of the State's experts, the Rhode Island Superior Court believed "Carpio's fate was foreordained." *Id.* at 12. The jury, then, "was left with widely divergent opinions: the defense witnesses' conclusion that Carpio suffered from a significant schizophrenic disorder which . . . insulated him from criminal responsibility; and, the state's experts, who found Carpio to be a significantly antisocial criminal and a malingerer, well outside of the protection" of the insanity defense. *Id.* at 17–18. Noting that "the jury in this case was persuaded by the facts as well as the compelling testimony of the state's experts," the Rhode Island Superior Court reasoned that "no fair-minded observer of this trial could have rationally reached a different conclusion." *Id.* at 19. The Rhode Island Superior Court concluded:

> Trial counsel's omission in not filing a new trial motion was harmless. Had the motion been filed, this Court most assuredly would have denied it, and trial counsel was keenly, and correctly, aware that there was no basis or merit in pursuing the motion. Where, as here, it would be futile to pursue a new trial motion, its omission, whether by inadvertence or by design, is of no moment under *Strickland*.

*Id.* at 17 (citation omitted) (citing *United States v. Tawik*, 391 F. App'x 94, 98 (2d Cir. 2010) ("[I]t can hardly constitute ineffective assistance to fail to present a claim [for a new trial] that . . . is without merit." (second alteration in original) (quoting *United States v. Castillo*, 14 F.3d 802, 805 (2d Cir. 1994))); *Jacobs v. Sherman*, 301 F. App'x 463, 470 (6th Cir. 2008) (holding that, where there was sufficient evidence to support a finding of guilt, "failing to make a futile motion is neither unreasonable nor prejudicial" under *Strickland*); *United States v. Banks*, 405 F.3d 559, 568–69 (7th Cir. 2005) ("[L]ook[ing] at the substantive record as a whole" and "[f]inding nothing warranting a new trial, we do not believe that [defendant] was prejudiced by his counsel's failure to file the motion.")).

The Rhode Island Superior Court applied *Strickland* to determine that Mr. Carpio was not denied the effective assistance of counsel, as any error made by trial counsel did not result in prejudice to Mr. Carpio. In light of the Rhode Island Superior Court's analysis, this Court cannot say that the state court's application of the *Strickland* standard was unreasonable.

### *Certificate of Appealability*

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Rule 11 of the Rules Governing Proceedings Under 28 U.S.C. § 2254, this Court will not issue a certificate of appealability. A certificate of appealability will issue "only if

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Mr. Carpio has shown neither of these requirements, so no certificate of appealability will issue.

*Conclusion*

The Court GRANTS the State's Motion to Dismiss (ECF No. 6) and the Petition is hereby DISMISSED. A Certificate of Appealability is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

September 18, 2017